**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HARVINDER SANDHU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-948-PRW |
| | ) | |
| FNU WARDEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner's Motion for Temporary Restraining Order (Dkt. 3), in which Petitioner seeks his immediate release from ICE custody. Upon review, the Court **DENIES** the Motion (Dkt. 3).

"A temporary restraining order is an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored."[1] Under Rule 65(b) a court may only issue a temporary restraining order without written or oral notice to the adverse parties only if the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Petitioner has not informed the Court of any efforts to notify Defendants of his motion, nor has he provided any reasons for his inability to provide such notice. Although Petitioner is pro se, "the Court may deny his motion on this procedural ground."[2]

---

[1] *Honeycutt v. Mitchell*, No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (footnotes omitted).

[2] *Thomas v. Fisher*, No. CIV-23-1006-F, 2024 WL 5295380, at *2 (W.D. Okla. Nov. 25, 2024), *rec. adopted*, No. CIV-23-1006-F, 2025 WL 44142 (W.D. Okla. Jan. 7, 2025)

Because Petitioner failed to comply with Rule 65(b), the Court **DENIES** the Motion (Dkt. 3).

**IT IS SO ORDERED** this 6th day of May 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

(citing *Truitt v. Bear*, No. CIV-19-581-F, 2019 WL 6833722, at *1 (W.D. Okla. Nov. 20, 2019), *rec. adopted*, No. CIV-19-581-F, 2019 WL 6829961 (W.D. Okla. Dec. 13, 2019)).